Matter of Harte (Commissioner of Labor) (2025 NY Slip Op 02112)

Matter of Harte (Commissioner of Labor)

2025 NY Slip Op 02112

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-23-0895
[*1]In the Matter of the Claim of Wendy Harte, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 21, 2025

Before:Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ.

Wendy Harte, New Rochelle, appellant pro se.
Letitia James, Attorney General, New York City (Dawa Jung-Acosta of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 18, 2022, which ruled that claimant's request for a hearing was untimely.
Claimant filed for unemployment insurance benefits in June 2019 and again in December 2021. On February 2, 2022, the Department of Labor mailed an initial determination to claimant finding her ineligible to receive benefits for the period beginning June 7, 2021 and ending September 5, 2021 because she failed to register as required. That determination advised claimant that she had 30 days from the mailing date to request a hearing to challenge the determination. Claimant did not request a hearing until June 10, 2022. Following a hearing as to the timeliness of her request, an Administrative Law Judge (hereinafter ALJ) found the request for a hearing untimely because it was made more than 30 days after the initial determination was mailed (and received). The Unemployment Insurance Appeal Board affirmed, prompting this appeal.
We affirm. "Labor Law § 620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity" (Matter of Macdonald [Commissioner of Labor], 221 AD3d 1166, 1167 [3d Dept 2023] [internal quotation marks and citations omitted]). "Absent proof to the contrary, an initial determination of the [Department] shall be deemed to have been mailed on the date recited on the initial determination and received by a party to whom it is addressed no later than five business days after the date on which it is mailed" (12 NYCRR 461.1 [a]; accord Matter of Hooker [Commissioner of Labor], 228 AD3d 1211, 1212 [3d Dept 2024]). "The statutory time limits are strictly construed" (Matter of Macdonald [Commissioner of Labor], 221 AD3d at 1167 [internal quotation marks and citations omitted]; accord Matter of Hooker [Commissioner of Labor], 228 AD3d at 1212; Matter of Bernardone [Commissioner of Labor], 224 AD3d 1049, 1050 [3d Dept 2024]).
The record reflects, and the parties do not dispute, that the initial determination was mailed on February 2, 2022 and that claimant did not request a hearing until June 10, 2022. Claimant acknowledged at the hearing that she received the initial determination in the mail on an unspecified date in February 2022, but she did not realize that the initial determination was in her possession because she did not open the envelope containing the initial determination until April 2022. Although claimant mailed a letter dated April 8, 2022 to the Department requesting assistance for receiving benefits during the period in question, she did not challenge, or reference, the Department's initial determination or request a hearing in that letter. Even if that April letter was to be liberally construed as a request for a hearing, such request would still be [*2]untimely, as found by the Board. To the extent that claimant attributed her delay to working on another legal matter, this did not result in any incapacity so as to excuse her failure to make a timely hearing request (see Matter of Bernardone [Commissioner of Labor], 224 AD3d at 1051; Matter of Macdonald [Commissioner of Labor], 221 AD3d at 1167; Matter of Wright [Commissioner of Labor], 71 AD3d 1324, 1324 [3d Dept 2010]). As claimant requested a hearing well beyond the allotted 30-day period and failed to demonstrate that she was prevented from complying within that period due to a physical or mental incapacity, we find no basis upon which to disturb the Board's finding that her request was untimely (see Labor Law § 620 [1] [a]; 12 NYCRR 461.1 [a]; Matter of Macdonald [Commissioner of Labor], 221 AD3d at 1167-1168; Matter of Wilson [Commissioner of Labor], 219 AD3d 1626, 1627-1628 [3d Dept 2023]; Matter of Barone [Commissioner of Labor], 199 AD3d 1112, 1113 [3d Dept 2021]).
Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.